IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIC WATKINS, JR., | ) CASE NO. 1:21 CV 609 |
| ) | |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| ) | |
| v. | ) |
| ) | MEMORANDUM OF OPINION |
| TRENA BUTCHER, *et al.*, | ) |
| ) | |
| Defendants. | ) |

*Pro se* Plaintiff Eric Watkins, Jr., an inmate in the Mansfield Correctional Institution ("MANCI"), brings this action under 42 U.S.C. § 1983 against MANCI Nurse Trena Butcher, Dana Blankenship and Ohio Department of Rehabilitation and Correction ("ODRC") Chief Inspector Karen Stanforth. In the Complaint, Plaintiff alleges that he was not provided with a medical consultation outside of the prison when another inmate threw hot baby oil water on his back. He asserts violation of his Eighth Amendment rights and seeks monetary damages.

## Factual and Procedural Background

Plaintiff alleges that on January 5, 2021, another inmate threw hot baby oil water on his back. That other inmate was maced by corrections officers. Plaintiff alleges he was not maced but was taken to segregation. He informed the officer that he should be taken immediately to the infirmary but was told he had to request a health care appointment. He was seen at Nurse's sick call the same day as the incident. At that time Nurse Butcher provided him with ointment and educated him on proper wound care for blisters. He claims he was experiencing discomfort and

discoloration in the area of his wound. He was seen at Nurse's Sick Call three days later on January 8, 2021. The nurse found the wounds to be superficial scabs, approximately 2 cm in diameter. They were covered with a telfa pad secured with medical tape. The nurse advised that the dressing would be changed for only two more days as the wound was healing nicely. Plaintiff had a follow up appointment with a physician on January 26, 2021. The physician noted there were no open lesions and the skin was intact. The physician did not recommend further treatment.

Plaintiff insists that when he was injured, he should have been sent to a specialist outside of the prison for evaluation and additional treatment. He contends he still has some skin discoloration and a stinging sensation when he lays on his back. He claims the Defendants were deliberately indifferent to his serious medical needs. He seeks monetary damages.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences

and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,* 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson,* 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter,* 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson,* 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers,* 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

As an initial matter, Plaintiff has not alleged sufficient facts to meet the objective requirement. It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and

pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). Plaintiff's medical need must be sufficiently serious to invoke constitutional protection.

A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that the prisoner required immediate medical attention that even a lay person would easily recognize the severity of the situation. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Whether a medical need is "obvious" does not depend on whether it was, in fact, obvious to anyone at the time; that issue goes to the subjective, rather than the objective, component of deliberate indifference. *Gunther v. Caslineta*, No. 11–3627, 561 Fed. Appx. 497, 499–500 (6th Cir. Apr.2, 2014). Instead, the question is whether the average person would easily recognize, either from observing the person or being told of his symptoms, that the Plaintiff's condition needed treatment. In other words, a medical need is obviously serious if the average person would deem it to be one that required immediate professional treatment. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

Under this standard, a line is drawn between the medical conditions or complaints which require medical treatment and those which present what are essentially options for the inmate in terms of seeking relief from symptoms. On one side of this line are conditions such as occasional indigestion or constipation, dandruff, acne, vitiligo, chapped lips, dry hands, most headaches, most colds (uncomplicated with fever), seasonal allergies, eczema, and muscle ache from exertion, and those conditions which dictate "treatment" for cosmetic purposes or purposes of convenience or comfort. *See Peters v. Berghuis*, No. 1:09–cv–14, 2009 WL 261387 (W.D.

Mich. Feb.3, 2009) (inmate's complaint that he found it hard to sleep because the lack of proper ventilation, dry air and dust in the unit caused him to suffer sinus headaches and congestion pressure was not "the sort of serious medical condition that would implicate the Eighth Amendment."); *Davidson v. Scully*, No. 81 Civ. 0390(PKL), 86012, 2001 WL 963965, at *5 (S.D.N.Y. Aug.22, 2001) (inmate's common seasonal allergies which caused headaches, earaches, sinus congestion, soreness in his throat and eyes, tearing, and nasal infections did not constitute serious medical need under the Eighth Amendment). On the other side of the line are serious medical needs which may be "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). The state need not treat prisoners at a level that "exceeds what the average reasonable person would expect or avail [him]self of in life outside the prison walls." *Dean v. Coughlin*, 804 F.2d 207, 213 (2d Cir. 1986).

In this case, Plaintiff's allegations suggest that he suffered minor burns. It appeared he had some blistering but that the wound was reduced to a superficial scab within three days and was largely healed in a few weeks. This does not suggest the type of injury or medical condition that triggers Eighth Amendment protections.

Furthermore, there is no suggestion in the Complaint that the Defendants were deliberately indifferent to his medical needs. He was seen at Nurse's Sick Call the day he was injured. His wound was dressed and he was given ointment for it. A nurse checked it three days later and determined it was healing well. He had an appointment with a physician who noted that the wound showed no open lesions and the skin was completely intact. Although Plaintiff alleged that he should have been sent outside the prison for a consultation with a specialist, there

are no allegations in the Complaint that suggest that the treatment he received in the prison was inadequate. The Eighth Amendment does not require that an inmate receive unfettered health care of his choosing.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: July 22, 2021

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.